UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DARRELL W. WOODS** | : | **DOCKET NO. 2:22-cv-05723** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **CAPT WILLIAMS** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint [doc. 4], filed pursuant to 42 U.S.C. § 1983, by plaintiff Darrell W. Woods, who is proceeding pro se and *in forma pauperis* in this matter. Plaintiff brings a claim of excessive force against Captain Williams at the Vernon Parish Jail in Leesville, Louisiana.

On March 14, 2023, the plaintiff was ordered to amend his complaint to provide additional facts to support his claim that his Constitutional rights were violated by the defendant. Doc. 8. Plaintiff filed an Amended Complaint on March 31, 2023. The matter is now ripe for review.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

**I.**
**BACKGROUND**

Plaintiff alleges that the defendant, Captain Williams, assaulted him when he asked him about hair clippers. Doc. 4. When he was not allowed the hair clippers, plaintiff responded that Captain Williams "needed to do his job." Doc. 9. This verbal altercation led to plaintiff being handcuffed and sprayed with mace.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Woods has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

C. *Excessive Force*

Claims of excessive force to subdue convicted prisoner are analyzed under an Eighth Amendment standard. *Whitley v. Albers*, 106 S. Ct. 1078 (1986). It is clearly established law that prison staff cannot cause the unnecessary and wanton infliction of pain. *Id.* at 1084. The "core judicial inquiry" into a plaintiff's claim of excessive force under the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Martin v. Seal*, 510 Fed. Appx. 309, 312 (5th Cir. 2013) (quoting *Hudson v. McMillian*, 112 S. Ct. 995, 999 (1992)). The inquiry has two components: (1) an objective inquiry that asks whether the alleged wrongdoing was nontrivial and harmful enough to violate the constitution, and (2) a subjective inquiry as to the mental state of the alleged wrongdoer. *Hudson*, 112 S.Ct. at 999-1000. The courts look to five nonexclusive factors to make this determination:

>   (1) The extent of the injury suffered;
>
>   (2) The need for the application of force;
>
>   (3) The relationship between this need and the amount of force used;
>
>   (4) The threat reasonably perceived by the responsible officials; and
>
>   (5) Any efforts made to temper the severity of a forceful response.

*Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998) (citing *Hudson*, 112 S.Ct. at 999). The Court can consider these factors in any order. *Id*. "Excessive force claims are necessarily fact-intensive; whether the force used is 'excessive' or 'unreasonable' depends on 'the facts and circumstances of each particular case.'" *Deville*, 567 F.3d 156, 167 (5th Cir. 2009) (quoting *Graham v. Connor* 109 S. Ct. 1865, 1871 (1989)).

### D. Application

Plaintiff has no claim here. His allegations establish that the use of force was in response to a verbal altercation between him and the defendant (not inflicted solely and maliciously to cause harm). Most importantly, Plaintiff alleges solely temporary pain caused by the chemical agent and no lasting physical injury. "Although it would be 'repugnant to the conscience of mankind' for a correctional officer to deploy chemical agents to cause pain with no misbehavior on the part of an inmate, the use of chemical agents deployed to curtail identified misbehavior by an inmate when no injury occurs is simply not cognizable under Section 1983. 'Short-term pain alone is insufficient to constitute more than de minimis injury for purposes of an excessive force claim.'" *Simms v. Richarson*, 2023 U.S. Dist. LEXIS 46112, at *5 (N.D. Tex., Mar. 20, 2023) (citing *Martinez v. Nueces Cnty., Tex.,*, 2015 U.S. Dist. LEXIS 470,, 2015 WL 65200, at *11 (S.D. Tex. Jan. 5, 2015); accord *Bradshaw v. Unknown Lieutenant*, No. 02-10072, 2002 U.S. App. LEXIS 29708, 2002 WL 31017404 (5th Cir. Aug. 21, 2002) (finding that inmate's "burning eyes and skin for approximately 24 hours, twitching of his eyes, blurred vision, irritation of his nose and throat,

blistering of his skin, rapid heartbeat, mental anguish, shock and fear as a result of the use of mace" was a "de minimis injury" and de minimis injury does not rise to excessive force).

"No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e); see also *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (holding that a sore and bruised ear lasting for three days was de minimus and did not meet the physical injury requirement found in the Prison Litigation Reform Act). I n order to state an Eighth Amendment claim, a prisoner must have "suffered at least some injury." *See, e.g., Lee v. Wilson*, 237 Fed. Appx. 965, 966 (5th Cir. 2007) (unpublished) (affirming the dismissal of a prisoner's excessive force claim, holding the prisoner's split lip was a de minimus injury and the conduct was not repugnant to the conscience of mankind).

### III.
#### CONCLUSION

Accordingly,

For reasons stated above, **IT IS RECOMMENDED** that the instant civil rights complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 20th day of September, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE